## 9173

### STATE *EX REL.* HOWELL v. BOARD OF STATE CANVASSERS *ET AL.*

#### (86 S. E. 81.)

ELECTION CONTESTS—REFUSAL OF CONTINUANCE.—Where a relator, contesting an election, failed to establish before the county canvassing board a *prima facie* showing against the validity of the election, and no emergency or extraordinary conditions existed to excuse such failure, the refusal of a continuance to allow further search for, and production of, evidence, was not an abuse of discretion by the canvassing board.

Before BOWMAN, J., St. George, December, 1914. Affirmed.

From an order dismissing a petition for *certiorari* to the State board of canvassers, the petitioner, John J. Howell, appeals. The facts are stated in the opinion.

*Mr. R. Lon Weeks,* for appellant, cites: *As to duties of board:* 207 Mo. 129; Civil Code, secs. 242 and 243; 86 S. C. 458; 7 S. C. 246; 15 S. C. 332. *Abuse of discretion:* 47 S. C. 488; 14 Cyc. 383; 55 Ind. 334, 335; 4 Bur. 2539; 20 L. R. A. (N. S.) 1178; 6 Pl. & Pr. 819.

*Messrs. Raysor & Summers* and *Wolfe & Berry,* for respondents, cite: 97 S. C. 19; 86 S. C. 459; 20 S. C. 354.

August 24, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

At the general election for State and county officers, held November 3, 1914, the relator, J. J. Howell, and respondent,

FOOTNOTE.—As necessity for preliminary evidence to inpeach returns before Court will order recount of votes cast at an election, see notes in Ann. Cas. 1915a, 685; statutory remedy for contest of election exclusive, see note in Ann. Cas. 1914d, 274.

J. A. Parler, were candidates for the office of superintendent of education for Dorchester county. On the face of the returns, 704 votes were cast, 392 being for Parler and 312 for Howell, Parler being elected by a majority of 80 votes.

When the county board of canvassers met, on November 10, to canvass the votes and declare the result, the relator undertook to contest the election, as to the office for which he was a candidate. The grounds of contest are not before us, and we are advised as to their form and nature only by what is said of them in the order of the Circuit Court, dismissing the relator's petition for a writ of *certiorari.* The Court says: "His notice of contest alleged in general terms that there were irregularities and illegalities practiced in the said election which would render such election void. He also requested time in which to procure witnesses to establish his charges. Reference to his notice of contest will show that no irregularity or illegality is specified; and such notice does not even state at which precinct or precincts such irregularities were practiced. No witness or witnesses are named who would be relied upon to establish such charges, and the only proof of such charges, and in support of his motion to be allowed more time, consists of five affidavits, which appear in the record, and which, in substance, state that the managers of election at the precincts of Pregnall, Ross, Ridgeville and Indian Field did not require the production of a registration certificate or tax receipt as a condition precedent to voting. The county board of canvassers appear to have adjourned for several hours for the benefit of the contestant and upon reconvening proceeded to hear the contest. The record shows that no proof was submitted by the contestant to support his charges save the five aforementioned affidavits, and the record further shows that the total vote cast at these four precincts was one hundred and thirty-four, of which Parler received seventy-eight and Howell fifty-six. If the entire vote of these four precincts be rejected the result would not be affected, as Parler would

still have a plurality of fifty-eight votes.   It appears that accordingly the county board of canvassers, exercising its discretion, refused the motion for continuance, and over-ruled the contest."

The sole question presented by the appeal is whether the county board abused its discretion in refusing the relator's motion for a continuance to enable him to procure and present evidence sustaining his charges of illegality and irregu-larity.   The relator appealed to the State board from the decision of the county board, and that board dismissed the appeal, holding in effect that there was no abuse of discre-tion.   The Circuit Court took the same view in dismissing the petition.

In *Boyle* v. *McCown,* 97 S. C. 15, 81 S. E. 310, the Court said: "The law requires more than ordinary diligence on the part of those who would contest an election.   This is evi-denced by the fact that the county board of canvassers are required to meet on the Tuesday following the election to canvass the votes and declare the result.   Therefore, it must have been intended that protests and contests should be filed on that day, for clearly it would be too late, after the votes had been canvassed, the result declared, and the records forwarded to the State board.   Parties interested in an elec-tion have the opportunity of watching at the polls, and of noting illegalities and irregularities in the conduct thereof. Ordinarily, there appears to be no good reason why these could not be brought to the attention of the board of can-vassers on the day it meets to canvass the votes.   Of course, if any emergencies or extraordinary conditions exist, why it cannot be done, that would be matter to be addressed to the discretion of the board on motion for further time."

In each of the affidavits, except that as to Ross's precinct, the affiant says that he was not required by the managers to produce any registration certificate, or proof of payment of taxes; but he does not say that any other voter was allowed

to vote without such prerequisite evidence of qualification. All others may have complied with the law. As to Ross's precinct, the affidavit of one of the managers was, in substance, that the managers did not require those prerequisites, and that any who desired to vote without them were allowed to do so; but he does not say how many voted without them.

It will be seen that the relator entirely failed to make a *prima facie* showing against the validity of the election, even at the precincts named, and no good reason was given to excuse the failure. It was not made to appear that any emergency or extraordinary conditions existed preventing him from doing so. He had a week from the date of the election to the date of the meeting of the board in which to prepare and present his contest, and he should have made at least a *prima facie* case against the validity of the election, or shown satisfactory reasons for his inability to do so, to entitle him to the indulgence asked for. Managers are sworn to conduct elections according to law, and in the absence of proof to the contrary, it will be presumed that they did so. Mere allegation, unsupported by proof, is not enough to overthrow the presumption and set in motion the machinery provided for investigation.

Appellant contends that the poll lists were sealed up in the ballot boxes with the ballots and the returns of the managers, and these could not have been investigated in the interim between the election and the meeting of the board. They could, however, have been examined at the meeting of the board, under its supervision. It does not appear that any request to be allowed to do so was made and refused.

In Boyle's case, *supra,* the Court said: "The law has vested the discretion in the board, not in the Court, and, therefore, the Court will not substitute its discretion for that of the board, but will only correct a manifestly erroneous exercise of it, resulting in injury or prejudice to the party complaining."

Appellant has failed to satisfy us that the board abused its discretion.

Judgment affirmed.

MR. JUSTICE GAGE took no part in the determination of this case.